UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL COBB o/b/o C.C.,

    Plaintiff,

v.                                            Case No. 3:14cv323/MCR/CJK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and NORTHERN DISTRICT OF FLORIDA LOCAL RULES 72.1(A), 72.2(D), and 72.3, relating to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. §§ 401-1400v. The case is now before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Child's Supplemental Security Income ("Child's SSI"), submitted on behalf of plaintiff's minor child, under Title II of the Act, 42 U.S.C. § 423.

## ISSUES ON REVIEW

    Plaintiff, who is the claimant's mother, raises two issues on appeal. First, plaintiff alleges the ALJ erred in finding that claimant's combination of medically

determinable impairments does not functionally equal the listings (of impairments). Second, plaintiff alleges the ALJ failed to fully and fairly develop the record.

## PROCEDURAL HISTORY

Plaintiff filed an application for Child's SSI on December 16, 2010, alleging that claimant was disabled as of that date. T. 23, 133-41.[1] Plaintiff's application initially was denied, and the denial was upheld on reconsideration. T. 86-88, 92-94. Plaintiff filed a request for a hearing. T. 95-101. Plaintiff's request was granted, and a hearing was conducted on September 7, 2012. T. 42-73. In a decision issued September 14, 2012, the administrative law judge ("ALJ") found claimant not disabled as defined by the Act. T. 20-41. Plaintiff requested review by the Appeals Council, which denied plaintiff's request on May 5, 2014. T. 1-7, 18-19. The ALJ's decision thus became the final decision of the Commissioner. Plaintiff instituted this action challenging that decision.

## FINDINGS OF THE ALJ

In his written decision, the ALJ made a number of findings relative to the issues raised in this appeal, including the following:

- "The claimant was born on February 15, 2005. Therefore, he was a 'school-age child' on December 16, 2010, the date application was filed, and is currently a 'school-age child' (20 CFR 416.926a(g)(2))." T. 26.

---

[1] The administrative record, as filed by the Commissioner, consists of nine volumes (docs. 18-1 through 18-9) and has 462 consecutively numbered pages. References to the record will be by "T." for transcript, followed by the page number.

Case No. 3:14cv323/MCR/CJK

- "The claimant has never engaged in substantial gainful activity (20 CFR 416.924(b) and 416.971 *et seq.*)."  T. 26.

- "The claimant has the following severe impairments: attention deficit hyperactivity disorder and opposition defiance disorder (20 CFR 416.924(c))."  T. 26.

- "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925, 416.925 and 416.926)."  T. 26.

- "The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a)."  T. 26.

- "The claimant has not been disabled, as defined in the Social Security Act, since December 16, 2010, the date the application was filed (20 CFR 416.924(a))."  T. 36.

## STANDARD OF REVIEW

A federal court reviews a Social Security disability case to determine whether the Commissioner's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *see also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."). Substantial evidence is "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S.

389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). With regard to other standards of review, the Eleventh Circuit has advised that "'[s]ubstantial evidence is more than a scintilla . . . .'" *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 62 (11th Cir. 2010) (*quoting Lewis*, 125 F.3d at 1439). Thus, although the ALJ's decision need not be supported by a preponderance of the evidence, "it cannot stand with a 'mere scintilla' of support." *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986).

In conducting its review, the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary[.]'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.3d 1233, 1239 (11th Cir. 1983)). The court also may not look "only to those parts of the record which support the ALJ[,]" but instead "must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). While review is deferential to a point, the reviewing court conducts what has been referred to as "an independent review of the record." *Flynn v. Heckler*, 768 F.2d 1273 11th Cir. 1985); *see also Getty ex rel. Shea v. Astrue*, No. 2:10–cv–725–FtM–29SPC, 2011 WL 4836220 (M.D. Fla. Oct. 12, 2011); *Salisbury v. Astrue*, No. 8:09-cv-2334-T-17TGW, 2011 WL 861785 (M.D. Fla. Feb. 28, 2011).[2]

The Social Security Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[2] The Eleventh Circuit not only speaks of an independent review of the administrative record, but it also reminds us that it conducts a *de novo* review of the district court's decision as to whether substantial evidence supports the ALJ's decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Case No. 3:14cv323/MCR/CJK

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Federal regulations set forth the process by which the SSA determines if a child is disabled and thereby eligible for disability benefits." *Shinn v. Comm'r of Soc. Sec.,* 391 F.3d 1276, 1278 (11th Cir. 2004) (citing 42 U.S.C. § 1382c(a)(3)(C)(I) and 20 C.F.R. § 416.906). As the Eleventh Circuit has explained, "[t]he process begins with the ALJ determining whether the child is 'doing substantial gainful activity,' in which case [the child] is considered 'not disabled' and is ineligible for benefits." *Id.* (citing 20 C.F.R. §§ 416.924(a), (b)). "The next step is for the ALJ to consider the child's 'physical or mental impairment(s)' to determine if [the child] has 'an impairment or combination of impairments that is severe.'" *Id.* (citing 20 C.F.R. §§ 416.924(a), (c)). "A disability counts as an impairment only if it arises from 'anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citing 20 C.F.R. § 416.908). "Consequently, the determination as to whether someone has an impairment at all is primarily based on medical evidence." *Id.* (citing 20 C.F.R. § 416.913(a) ("[The ALJ] need[s] evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s).")). "In contrast, non-medical evidence, including the testimony of '[e]ducational personnel' and 'parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy,' may be used to demonstrate that a child's impairment is severe." *Id.* (citing 20 C.F.R. §§ 416.913(d)(2), (4), 416.924a(a)(2)).

"For an applicant with a severe impairment, the ALJ next assesses whether the impairment 'causes marked and severe functional limitations' for the child." *Id.*

(citing 20 C.F.R. §§ 416.911(b), 416.924(d)). "This determination is made according to objective criteria set forth in the Code of Federal Regulations ("C.F.R.")." *Id.* According to the regulations, a "marked" limitation exists when the claimant's "impairment(s) interferes seriously with [claimant's] ability to independently initiate, sustain, or complete activities. . . . [D]ay-to-day functioning may be seriously limited when [claimant's] impairment(s) limits only one activity or when the interactive and cumulative effects of [claimant's] impairment(s) limit several activities." 20 C.F.R. § 416.926a(e)(2)(i). "'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.'" *Id.* "It is the equivalent of functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* Marked limitation will be found in instances in which the claimant has a "valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and [claimant's] day-to-day functioning in domain-related activities is consistent with that score." 20 C.F.R. § 416.926a(e)(2)(iii).

A child has an "extreme" limitation in a domain when his "impairment(s) interferes very seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). A child's "day-to-day functioning may be very seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit several activities." *Id.* "Extreme" limitation is the "equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.* An extreme limitation also will be found

when a child has "a valid score that is three standard deviations or more below the mean on a comprehensive standardized test designed to measure ability or functioning in that domain, and [his] day-to-day functioning in domain-related activities is consistent with that score."  20 C.F.R. § 416.926a(e)(3)(iii).

"The C.F.R. contains a Listing of Impairments ['the Listings', found at 20 C.F.R. § 404 app.] specifying almost every sort of medical problem ("impairment") from which a person can suffer, sorted into general categories."  *Shinn*, 391 F.3d at 1278 (citing 20 C.F.R. § 416.925(a)).  "For each impairment, the Listings discuss various limitations on a person's abilities that impairment may impose.  Limitations appearing in these listings are considered 'marked and severe.'"  *Id*. (citing 20 C.F.R. § 416.925(a)  ("The Listing of Impairments describes ... impairments ... for a child that cause [ ] marked and severe functional limitations.")).  *Id.* at 1278-79.

"A child's impairment is recognized as causing 'marked and severe functional limitations' if those limitations 'meet[ ], medically equal[ ], or functionally equal[ ] the [L]istings.'"  *Id*. at 1279 (citing 20 C.F.R. §§ 416.911(b)(1), 416.902, 416.924(a)).  "A child's limitations 'meet' the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment.  A child's limitations 'medically equal' the limitations in the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'"  *Id*.  (citing 20 C.F.R. § 416.926(a)(2)).

"Finally, even if the limitations resulting from a child's particular impairment are not comparable to those specified in the Listings, the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings."  *Id.* at 1279. "In making this determination, the ALJ assesses the degree to which the child's

limitations interfere with the child's normal life activities" in the following domains:

>（i) Acquiring and using information;
>
>（ii) Attending and completing tasks;
>
>（iii) Interacting and relating with others;
>
>（iv) Moving about and manipulating objects;
>
>（v) Caring for [one]self; and
>
>（vi) Health and physical well-being.

*Id*. (citing 20 C.F.R. § 416.926a(b)(1)). "The C.F.R. contains various 'benchmarks' that children should have achieved by certain ages in each of these life domains." *Id.* (citing 20 C.F.R. §§ 416.926a(*g*)-(*l*)). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has "'marked' limitations in two of the domains [above], or an 'extreme' limitation in one domain."'" *Id*. (citing 20 C.F.R. §§ 416.926a(d), 416.925(a)).

"Assuming that the limitations stemming from a child's severe impairment meet, medically equal, or functionally equal the limitations specified in the Listings, the ALJ concludes by ensuring that the impairment 'meets the duration requirement' specified in the federal regulations." *Id*. (citing 20 C.F.R. § 416.924(a)). "This 'duration requirement' is that the impairment must 'be expected to cause death or ... has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Id.* (citing 20 C.F.R. §§ 416.906, 416.909).

In this case, the ALJ determined at step one that claimant had not engaged in substantial gainful activity. T. 26. At step two, the ALJ found that claimant had severe impairments of ADHD and opposition defiance disorder. T. 26. At step three,

however, the ALJ concluded that claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the Listings.  T. 26-36.  In so finding, the ALJ considered all of the relevant evidence of record and concluded that there is "no medical opinion that the claimant's impairments meet or equal a Listing" and "[t]he evidence does not otherwise establish that the impairments meet or equal a Listing."  T. 26.  The ALJ then addressed each of the six functional equivalence domains and found claimant's limitations in each domain to be less than marked.[3]

Plaintiff disagrees with the ALJ's decision, maintaining that claimant has a marked impairment in at least two domains, which she failed to specify.  In support of her argument, plaintiff points to the fact that Darlene Williams, a nurse practitioner at Lakeview Center, where the minor claimant received treatment, indicated as to three separate domains on an Assessment of Ability to Function in Age Appropriate Manner in Children form, completed on March 23, 2011, that claimant had a "less than marked" and also a "marked" impairment.  According to plaintiff, "the only reasonable interpretation of this is that Nurse Williams believed this child's impairment fluctuated between less than marked and marked."  Plaintiff posits that "if this child's impairment reaches the marked level, whether continuously or intermittently, he should qualify for benefits."

As plaintiff recognizes, as a nurse practitioner, Williams is not considered an acceptable medical source for establishing a diagnosis or medically determinable impairment.  20 C.F.R. § 416.913(d).  Williams' opinions, therefore, are entitled to

---

[3] The ALJ found no limitation in health and physical well-being.

no deference.  The ALJ nevertheless considered Williams' opinions and rejected them, finding them to be facially and internally consistent.  T. 31.  Specifically, the ALJ found Williams' opinions inconsistent with the records from Lakeview Center; the opinion of Dr. John Duffy, a clinical psychologist who evaluated claimant at the request of the SSA; and the records regarding claimant's Individual Educational Plan.  T. 31.  The ALJ committed no error in that regard, as the restrictions Williams imposed on claimant find little support in the record, and the decision to reject her assigned restrictions finds support in substantial evidence.

Although the evidence shows that claimant may have fairly significant behavioral and disciplinary problems and struggles academically, plaintiff has offered no evidence that such problems render the minor claimant disabled.  To the contrary, the evidence shows that while claimant underperforms in school, claimant is capable of functioning in an average range and, for the most part, attends regular classes.  The evidence also shows that claimant's behavior and academic performance improved somewhat after he began taking medication and that claimant may have deliberately made mistakes when tested.  Such are not the hallmarks of such significant disability as to warrant the award plaintiff seeks.

Plaintiff next argues that if the ALJ considered Williams' opinions to be inconsistent or conflicting, he should have contacted her for clarification and that, in failing to do so, he "failed his duty to fully and fairly develop the record in this case."  The Social Security disability benefits process is inquisitorial rather than adversarial, *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000), *Crawford & Company v. Apfel*, 235 F.3d 1298 (11th Cir. 2000); it also is informal, *Richardson v. Perales*, 402 U.S. 389, 400-401 (1971); *Kendrick v. Shalala*, 998 F.2d 455, 456 (7th Cir. 1993); 20 C.F.R.

§ 404.900(b). Due to this informality, ALJs, like European magistrates, have a duty to develop a complete record. *Kendrick*, 998 F.2d at 456. In this Circuit, the ALJ has an affirmative duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir. 1990); *Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The duty to develop the record exists even if the plaintiff is represented by a lawyer or paralegal. *Brown*, 44 F.3d at 934 (*citing Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981) (Unit B)); *Smith*, 792 F.2d at 1551 (*citing Cowart*, 662 F.2d at 735). The ALJ is required to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited," *Cowart*, 662 F.2d at 735 (citations omitted), and "investigate the facts and develop the arguments both for and against granting benefits." *Crawford & Company*, 235 F.3d at 1304. That does not mean, however, that the ALJ must search to the last document to find every possible piece of relevant evidence. Rather, the ALJ must have sufficient evidence to decide the case.

*Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir. 1981) (Unit B), and *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984), are the seminal cases in this circuit on the ALJ's duty to develop the record.[4] Both held the ALJ need not order a consultative examination unless the record establishes that such an examination was necessary to enable the ALJ to make an informed decision. Where

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No. 3:14cv323/MCR/CJK

the ALJ has sufficient information to decide the case, he or she can do so. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (holding that where the record is complete and adequate to make a decision, no showing of prejudice is made). Moreover, "[t]he claimant has the burden of proving he is disabled, and is therefore responsible for producing evidence in support of the claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); 20 C.F.R. § 416.912(a), (c). Based on the facts of this case, the ALJ had no obligation to seek a clarifying opinion from Williams because ample grounds, as articulated by the ALJ, existed for the finder of fact to reject Williams' opinions even assuming Williams checked two boxes.

Finally, plaintiff argues that the Appeals Council's failure to consider a form prepared by claimant's treating physician, Dr. Guido Ludergnani, was erroneous and requires reversal. The form to which plaintiff refers is an Assessment of Ability to Function in an Age Appropriate Manner in Children form, completed on January 30, 2013. T. 9-10. Dr. Ludergnani indicated on the form that claimant has a marked impairment with respect to attending and completing tasks and interacting and relating to others. T. 9. Contrary to plaintiff's assertions, the Appeals Council considered the form, as well as other evidence plaintiff submitted on appeal; it found, however, that the information did not provide a basis for changing the ALJ's decision. T. 2. As the Appeals Council noted, the "new information is about a later time" and thus "does not affect the decision about whether [claimant was] disabled beginning on or before September 14, 2012." T. 2. The form does not undermine the ALJ's decision – both because substantial evidence supports the ALJ's decision to reject the opinions set forth therein and because the form was dated more than four months after the period of time considered by the ALJ and contains no opinions

regarding claimant's condition during the relevant time frame.  The undersigned thus finds that the Appeals Council did not err in failing to seek additional information from Williams.

For the reasons set forth above, the undersigned concludes that the Commissioner applied the correct legal standards in rendering his decision in this matter and that his decision was supported by substantial evidence.[5]  *See Carnes*, 936 F.2d at 1218 ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied.").

ACCORDINGLY, it is RECOMMENDED:

1.  The decision of the defendant Commissioner be AFFIRMED and plaintiff's application for Supplemental Security Income, filed on behalf of her minor son, be DENIED.

2.  The clerk be directed to close the file.

At Pensacola, Florida, this 14th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The court notes that, to the extent it reviewed the legal principles upon which the ALJ's decision is based, it conducted a *de novo* review.  *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).